UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| THOMAS SANDERS | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | NO. 3:25-cv-00343-RGJ |
| | ) | |
| DAKOTA CLEMENTS, *et al.* | ) | |
| Defendants | ) | |

*ELECTRONICALLY FILED*

---

**JOINT STATUS REPORT**

Come now the Plaintiffs and Defendants, jointly, by their respective counsel, and pursuant to FRCP 26(f) and the Court's Order of April 9, 2026 (DN 25), hereby submit this Joint Report of the Parties' Planning Meeting:

**1. Attendees at Conference:** Shaun Wimberly, counsel for the Plaintiff, participated for the Plaintiffs; Kathryn Goodwin and Brendan R. Daugherty, Assistant Jefferson County Attorneys, participated for Defendants. Counsel for the parties conferred via email between April 30, 2026, and May 14, 2026. The parties have agreed to the proposed discovery plan.

**2. Brief Description of the Facts and Issues:** Plaintiff Thomas Sanders alleges that his constitutional rights were violated when he was arrested on a public sidewalk located on Standard Avenue in Louisville, Kentucky. Plaintiff was criminally charged, however, all charges were dismissed by motion of the prosecution with no stipulation to probable cause. Plaintiff has brought claims against individually named Louisville Metro Police Department ("LMPD") officers under § 1983 for violation of Plaintiff's constitutional right to travel through public space

and roadways, unreasonable use of force, unlawful investigatory search, and false arrest. Plaintiff has also brought claims against individually named LMPD officers under Kentucky state law for false imprisonment, excessive force, intentional infliction of emotional distress, and negligence. Plaintiff brought additional § 1983 and state law claims against Louisville/Jefferson County Metro Government, Mayor Craig Greenberg, and former LMPD Chief Jacquelyn Gwinn-Villaroel which were dismissed by this Court. See DN 23. Plaintiff has filed a Motion to Reconsider which is currently before this Court. See DN 26.

**3.** **Initial Disclosures:** All disclosures required by Rule 26(a)(1) shall be completed on or before **June 15, 2026**.

**4.** **Discovery Plan:** No discovery has taken place to date. The Parties jointly propose the following discovery plan:

A. **Subject Matter of Discovery:** The Parties shall undertake discovery on the claims and causes of action asserted by Plaintiff and all defenses asserted by Defendants subject to the applicable provisions of Fed. R. Civ. P. 26, *et seq*.

B. **Discovery Commencement:** Discovery shall be completed by **May 26, 2027**. The Parties further agree that written discovery requests should be served such that the deadline for the responding Party, pursuant to the Federal Rules of Civil Procedure, is on, or prior to, this deadline. The parties agree that all pleadings, including discovery pleadings, may be served electronically.

C. **Maximum Number of Interrogatories:** Each Party shall be allowed to propound interrogatories subject to the numerical limitations of Fed. R. Civ. P. 33(a), unless additional interrogatories are approved by agreement of Parties or by the Court.

D. **Maximum Number of Requests for Admissions:** Each Party shall be allowed to propound requests for admissions subject to the numerical limitations of Fed. R. Civ. P. 36, unless additional requests for admissions are approved by agreement of Parties or by the Court.

E. **Maximum Number of Depositions:** The Parties propose that the number of depositions conducted by Plaintiff and Defendant be in accordance with Fed. R. Civ. P. 30, unless additional depositions are approved by agreement of the Parties or by the Court. For any 30(b)(6) Depositions, the parties agree to meet and in conformity with the requirements of Fed. R. Civ. P. 30.

F. **Maximum Length of Depositions.** The Parties propose that the length of depositions conducted by Plaintiff and Defendant be in accordance with Fed. R. Civ. P. 30, unless otherwise agreed to by the Parties or by the Court. For any 30(b)(6) Depositions, the parties agree to meet and in conformity with the requirements of Fed. R. Civ. P. 30.

G. **Expert Disclosures under Fed. R. Civ. P. 26(a)(2).** Expert Disclosures are due as follows:

[1] from Plaintiff by **June 10, 2027**;

[2] from Defendant by **August 12, 2027**.

H. **Supplementations Due Under Fed. R. Civ. P. 26(e):** The Parties shall be under a continuing duty to supplement their discovery responses whenever reasonably appropriate and generally in conformity with the requirements of Fed. R. Civ. P. 26(e).

**5. Other Items**

A. **Joinder of Parties and Amendments to Pleadings:** Each Party shall join any additional parties and file all motions to amend pleadings by **November 9, 2026**.

B. **Dispositive Motions and *Daubert* Motions:** The Parties propose that all potentially dispositive motions be filed by **December 10, 2027**.

C. **Pretrial Motions Pursuant to Rule 26(a)(3):** The Parties propose that all pretrial motions including witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists are to be filed no later than 60 days prior to the assigned trial date. Objections are to be filed no later than 45 days prior to the scheduled trial date.

D. **Settlement and Mediation:** No settlement discussions have occurred at this time. The parties will continue to evaluate the potential for settlement and will promptly notify this Court to schedule a settlement conference or some other form of alternative dispute resolution when appropriate.

E. **Referral to Magistrate Judge:** At this time, the Parties do not consent to refer this matter to the Magistrate Judge pursuant to 28 U.S.C. 636(b) and Fed. R. Civ. P. 73 for all further proceedings, including trial.

F. **Trial Lenth:** The parties anticipate needing 5 days for trial.

G. **Trial Date:** The parties are available for a trial in June and July of 2028.

Respectfully Submitted,

MICHAEL J. O'CONNELL
JEFFERSON COUNTY ATTORNEY

/s/ Brendan R. Daugherty
Brendan R. Daugherty
Kathryn Goodwin
Assistant Jefferson County Attorneys
First Trust Centre
200 S. Fifth St., Suite 300N
Louisville, Kentucky 40202
(502) 574-3326
brendan.daugherty@louisvilleky.gov
kathryn.goodwin@louisvilleky.gov
*Counsel for Defendants*

And

/s/ Shaun A. Wimberly, Sr. (w/ permission)
Shaun Wimberly
Wimberly & Associates, PLLC
325 West Main Street Suite 1816
Louisville, KY 40202
(502) 208-1887
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

This is to certify that the undersigned filed the foregoing on May 14, 2026, using the Court's e-filing system which will send copies to counsel of record.

/s/ Brendan R. Daugherty
*Counsel for Defendants*