WESTERN DISTRICT OF KENTUCKY AT LOUISVILLE
Case No. 3:25-cv-00343-RGJ
*Electronically filed*

THOMAS SANDERS, PLAINTIFF

v.

DAKOTA CLEMENTS, *et. al*. DEFENDANTS

*ELECTRONICALLY FILED*

---

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Defendants, Louisville/Jefferson County Metro Government ("Metro"), Mayor Craig Greenberg ("Mayor Greenberg") and Jacquelyn Gwinn-Villaroel ("Chief Gwinn-Villaroel") (collectively, "Dismissed Defendants"), by counsel, state the following in opposition to Plaintiff's Motion for Leave to File First Amended Complaint:

**FACTUAL BACKGROUND**

Plaintiff Thomas Sanders ("Sanders") alleges that he was wrongfully questioned and arrested for loitering and trespassing on May 28, 2024 by Louisville Metro Police Department ("LMPD") officers in the parking lot of a liquor store located at the corner of Dixie Highway and Standard Avenue. [DN 1-2, PageID #16-18]. Sanders asserts that he was approached by LMPD Detective Dakota Clements ("Clements") who informed him that if he did not leave the area he would be issued a citation. [*Id.* at PageID #17]. When Sanders refused to leave the area, Clements asked him for his identification. [*Id.* at PageID #18]. Sanders contends that, as he attempted to walk away, he was detained by Clements and Detective Anthony Shepard ("Shepard") and

"Officer Fleming."[1] [*Id.*] Sanders further alleges that he was tackled to the ground by Clements and Shepard, where he was handcuffed and sustained injuries to his shoulder. [*Id*. at PageID #19].

**PROCEDURAL HISTORY**

Defendants Mayor Greenberg, Metro, and Chief Gwinn-Villaroel filed individual motions to dismiss the claims brought against them in Plaintiff's Complaint. This Court granted each motion to dismiss, finding that Plaintiff failed to plausibly and sufficiently allege facts to support his claims against these defendants. [DN 23]. Plaintiff then filed a Motion to Alter or Amend the Judgment alleging several "errors" in the Court's Opinion. [DN 26]. Even though his Motion to Alter or Amend the Judgment is still pending, Plaintiff has now filed a 331-page Motion for Leave to File First Amended Complaint containing 21 exhibits. [DN 32]. The below chart outlines the causes of action stated in Plaintiff's proposed amended complaint, the related cause of action in the original complaint (if any), the parties against which the cause of action is asserted (in both the proposed amended complaint and the original complaint), whether or not the cause of action in the original complaint was already dismissed by the Court, and whether or Plaintiff's proposed amended complaint adds or otherwise changes the identity of the parties against which the cause of action is asserted.

---

[1] Based on information and belief, Plaintiff has incorrectly named this defendant. LMPD has no officer with the last name "Fleming."

| Proposed Amended Complaint Cause of Action | Related COA in Original Complaint | Parties COA Asserted Against in Original Complaint | Parties COA Asserted Against in Proposed Amended Complaint | Was COA from Original Complaint dismissed by DN 023? | Is COA Asserted Against a New Party? |
|---|---|---|---|---|---|
| Count I – 42 U.S.C. 1983 – Unreasonable and Excessive Force | Count IV | Dakota Clements, Bert DeLong, Anthony Shepard, D. Fleming | Dakota Clements, Bert DeLong, Anthony Shepard, D. Fleming | No | No |
| Count II – 42 U.S.C. 1983 – False Arrest/ Unreasonable Seizure | Count VI | Dakota Clements, Bert DeLong, Anthony Shepard, D. Fleming | Dakota Clements, Bert DeLong, Anthony Shepard, D. Fleming | No | No |
| Count III – 42 U.S.C. 1983 – Unlawful Investigatory Stop and Search | Count V | Dakota Clements, Bert DeLong, Anthony Shepard, D. Fleming | Dakota Clements, Bert DeLong, Anthony Shepard, D. Fleming | No | No |
| Count IV – 42 U.S.C. 1983 – First Amendment Retaliation | N/A (newly asserted claim) | N/A (newly asserted claim) | Dakota Clements, Bert DeLong, Anthony Shepard, D. Fleming | N/A (newly asserted claim) | N/A (newly asserted claim) |
| Count V – 42 U.S.C. 1983 – Malicious Prosecution | N/A (newly asserted claim) | N/A (newly asserted claim) | Dakota Clements, Bert DeLong, Anthony Shepard, D. Fleming | N/A (newly asserted claim) | N/A (newly asserted claim) |
| Count VI – 42 U.S.C. 1983 – Monell Liability | Count III and Count VII | Metro | Metro | Yes | No |
| Count VII – 42 U.S.C. 1983 – Supervisory Liability | Count I (or possibly considered a newly asserted COA) | Mayor Greenberg and Chief Gwinn-Villaroel | Mayor Greenberg and Chief Gwinn-Villaroel or N/A (if considered a newly asserted COA) | Yes (if not considered a newly asserted COA) | Yes (if considered a newly asserted COA) |

| | | | | | |
|---|---|---|---|---|---|
| Count VIII – State Law False Imprisonment | Count VIII | Dakota Clements, Bert DeLong, Anthony Shepard, D. Fleming | Dakota Clements, Bert DeLong, Anthony Shepard, D. Fleming | No | No |
| Count IX – State Law Assault & Battery | N/A (newly asserted claim) | Dakota Clements, Bert DeLong, Anthony Shepard, D. Fleming | Dakota Clements, Bert DeLong, Anthony Shepard, D. Fleming | N/A (newly asserted claim) | N/A (newly asserted claim) |
| Count X – State Law Malicious Prosecution | N/A (newly asserted claim) | Dakota Clements, Bert DeLong, Anthony Shepard, D. Fleming | Dakota Clements, Bert DeLong, Anthony Shepard, D. Fleming | N/A (newly asserted claim) | N/A (newly asserted claim) |
| Count XI – Negligent Supervision, Training, and Retention | Count XI | Chief Gwinn-Villaroel | Chief Gwinn-Villaroel | Yes | No |
| Count XII – Negligence and/or Gross Negligence | Count XII | Dakota Clements, Bert DeLong, Anthony Shepard, D. Fleming, and Chief Gwinn-Villaroel | Dakota Clements, Bert DeLong, Anthony Shepard, D. Fleming, and Chief Gwinn-Villaroel, Mayor Greenberg, and Metro | Yes (as to Chief Gwinn-Villaroel)<br><br>No (as to Dakota Clements, Bert DeLong, Anthony Shepard, D. Fleming) | Yes – COA added against Mayor Greenberg and Metro |
| Count XIII – State Law Intentional Infliction of Emotional Distress (Pled in the Alternative) | Count X | Dakota Clements, Bert DeLong, Anthony Shepard, D. Fleming | Dakota Clements, Bert DeLong, Anthony Shepard, D. Fleming | No | No |

With respect to the Dismissed Defendants,[2] this Motion should be denied. Mayor Greenberg, Metro, and Chief Gwinn-Villaroel have already been dismissed with prejudice from this action and any new claims against them are barred by the statute of limitations.

**STANDARD OF REVIEW**

"A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, **or would be futile**." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (emphasis added). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Department of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382–83 (6th Cir. 1993)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal of a complaint where it fails "to state a claim upon which relief can be granted." "[T]o survive a 12(b)(6) motion, a complaint must contain (1) enough facts to state a claim to relief that is plausible, (2) more than a formulaic recitation of a cause of action's elements, and (3) allegations that suggest a right to relief above a speculative level." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (internal quotations and additional citations omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

[2] The other named Officer Defendants, Dakota Clements, Anthony Shepard, and Bert DeLong, do not object to the filing of the proposed amended complaint. These Defendants reserve their right to plead their defenses to the amended complaint, if in a separate answer or other response.

(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A complaint will be dismissed ... if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Weaver v. Louisville-Jefferson Cnty. Metro Gov't*, 2024 WL 2819556, at *2 (W.D. Ky. June 3, 2024) (quoting *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64)). In this case, Counts VI, VII, XI, and XII of Plaintiff's proposed First Amended Complaint are futile because they fail to properly allege claims against Metro, Mayor Greenberg, and Chief Gwinn-Villaroel that have already been dismissed with prejudice or are newly stated claims which are barred by the statute of limitations. Additionally, the negligence and/or gross-negligence claim asserted against Metro in Count XII of the proposed First Amended Complaint is futile not only because of the statute of limitations but also because it is barred by the doctrine of sovereign immunity.

## ARGUMENT

### I. Plaintiff Cannot Use an Amended Complaint to Revive Claims That Have Already Been Dismissed with Prejudice

This Court has already dismissed all of Plaintiff's claims against the Dismissed Defendants. [DN23]. The general rule in the Sixth Circuit is "[t]he grant of a 12(b)(6) motion is an adjudication on the merits, unless the district court specifies the dismissal is without prejudice." *Craighead v. E.F. Hutton & Co., Inc.*, 899 F.2d 485, 495 (6th Cir. 1990); *see also*, *Guzowski v. Hartman*, 849 F.2d 252, 255 (6th Cir.1988); *Shaw v. Merritt–Chapman & Scott Corp.*, 554 F.2d 786, 789 (6th Cir. 1977). Thus, Plaintiff cannot assert the same claims from his original complaint against the Dismissed Defendants in his proposed First Amended Complaint.

The Dismissed Defendants have already briefed to the Court why they are not proper defendants in this action. *See* [DN 7; 8; 13]. Plaintiff's proposed First Amended Complaint does not allege any new facts supporting his claims against the Dismissed Defendants. Rather, the proposed First Amended Complaint repeats the same causes of action and conclusory allegations that this Court already rejected. Plaintiff should not be permitted to use an amended complaint to bring the same claims that have already been dismissed with prejudice.

## II. Plaintiff is barred by the Statute of Limitations from Making New Claims Against Dismissed Defendants[3]

Plaintiff attempts to make two new claims against Metro and Mayor Greenberg – Count 7 claiming Mayor Greenberg is liable for conduct which Plaintiff admits in the proposed Amended Complaint that Mayor Greenberg did not partake in and was not present for, under a theory of Supervisory Liability under § 1983; and Count 12 alleging state law negligence claims against Metro and Mayor Greenberg. [DN 32-9, Page ID# 521; 523]. Both of the claims are barred by the applicable one-year statute of limitations. See *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990); KRS 413.140. The underlying incident occurred on May 28, 2024, which means to be timely Plaintiff's claims must have been filed on or before May 27, 2025. Because Plaintiff is asserting these theories for the first time in his proposed First Amended Complaint, they can only be timely if they relate back to Plaintiff's original filing.

Under FRCP 15(c)(1):

[3] As noted in the chart above, Count VII alleging supervisory liability can either be interpreted as a restatement of Count I from the Original Complaint (which was dismissed) or as a newly asserted cause of action in the First Amended Complaint. It is futile under either theory.

> An amendment to a pleading relates back to the date of the original pleading when:
>
> **(A)** the law that provides the applicable statute of limitations allows relation back;
>
> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading

The new claims cannot relate back to the original complaint because the dismissal with prejudice of the Dismissed Defendants served to delete those claims from the original complaint. See *Grover v. Eli Lilly & Co.*, 896 F. Supp. 725, 728 (N.D. Ohio 1995). Thus, they cannot relate back and Plaintiff's proposed First Amended Complaint to add new claims against Mayor Greenberg, Chief Gwinn-Villaroel, and Mayor Greenberg is futile and the motion to amend should be denied.

## CONCLUSION

For the reasons set forth above, Defendants Louisville/Jefferson County Metro Government, Mayor Craig Greenberg, and Jacquelyn Gwinn-Villaroel respectfully request the Court deny Plaintiff's Motion for Leave to File First Amended Complaint with respect to Counts VI, VII, XI, and XII of Plaintiff's proposed First Amended Complaint.

Respectfully Submitted,

MIKE O'CONNELL
JEFFERSON COUNTY ATTORNEY

/s/ Kathryn Goodwin
Kathryn Goodwin
Brendan Daugherty
Assistant Jefferson County Attorney
First Trust Center
200 S. Fifth Street, Suite 300N
Louisville, KY 40202
(502) 574-3326
kathryn.goodwin@louisvilleky.gov
brendan.daugherty@louisvilleky.gov
*Counsel for Defendants Louisville/Jefferson County Metro Government, Mayor Craig Greenberg, and Jacquelyn Gwinn-Villaroel*

**CERTIFICATE OF SERVICE**

This is to certify that the undersigned electronically filed the foregoing on August 28, 2026, using the Court's CM/ECF system which will send copies to counsel of record.

/s/ Kathryn Goodwin
*Counsel for Defendants Louisville/Jefferson County Metro Government, Mayor Craig Greenberg, and Jacquelyn Gwinn-Villaroel*